**In re WLR 300 REAL ESTATE INVESTMENT CORP.,**
**Debtor.**

**Bankruptcy No. 93–11525.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 11, 1993.

Z. Hershel Smith, Smith & Furtado, Providence, RI, for debtor.

Joseph DiOrio, Hinckley, Allen & Snyder, Providence, RI, for AMRESCO Institutional, Inc., as attorney in fact, for R.I. Depositors Economic Protection Corp.

Office of the United States Trustee, Gary Donahue, Boston, MA.

### ORDER DENYING ALL COMPENSATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

After hearing on July 28, 1993 on the Motion of AMRESCO Institutional, Inc., as attorney in fact for Rhode Island Depositors Economic Protection Corporation, for Relief from Stay and for Dismissal on bad faith grounds, and based upon admissions made at the hearing by Z. Hershel Smith, Esq., that he:

(1) represents both the Debtor, WLR 300 Real Estate Investment Corp., and William L. Ricci, Jr., the principal of the Debtor Corporation; and

(2) is the Trustee of the J.M.R. Real Estate Investment Trust (the "Ricci Trust"), and pursuant to Local Bankruptcy Rule 25(A)(2), which provides:

> **Conflicts of Interest.** All compensation may be denied where the Court determines after notice and hearing that the professional person is not a disinterested person (as that term is defined in Section 101(13) of the Bankruptcy Code), or has an actual conflict of interest in a Case or Proceeding in which that professional person seeks compensation. *An actual conflict of interest exists where an attorney seeks to represent a debtor and its principal(s) or other insiders.*

Local Bankr.R. 25(A)(2) (emphasis added).

(3) and, finally, based upon this Court's conclusion that the case was filed in bad faith due in large part to the advice and participation of Mr. Smith.

It is ORDERED that Z. Hershel Smith, Esq., is not a disinterested person and is denied *all* compensation with respect to this bankruptcy case. Mr. Smith is further ORDERED to deliver forthwith to the Clerk of the Bankruptcy Court the $1,000 received from William Ricci as a retainer. The Clerk shall hold said funds in escrow pending the outcome of AMRESCO's Motion for Order Dismissing Case with Prejudice or, Alternatively, for Relief from the Automatic Stay and for Costs.